FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 28  PM 4: 27

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VERA D. AND LEON D. RICHARD, | * | **06 - 5118** |
| GOLF CLUB OF NEW ORLEANS, LLC, | * | |
| DONALD E. PATE, PRESIDENT, | * | CIVIL ACTION |
| BARBARA AND BARRY PILSON, M. D. | | |
| AND FREDA AND ALFRED LIGGANS, | * | |
| JR. | * | **SECT. K MAG.2** |
| Plaintiffs | | |
| Versus | * | SECTION |
| THE PORT OF NEW ORLEANS, | * | |
| THE ORLEANS LEVEE DISTRICT, | * | MAGISTRATE |
| AND THE LOUISIANA DEPARTMENT | | |
| OF TRANSPORTATION AND | | |
| DEVELOPMENT, | | |
| Defendants. | | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES
## AND REQUEST FOR JURY TRIAL

**NOW COME** Plaintiffs, Vera D. and Leon D. Richard, Golf Club of New Orleans, LLC,

Donald E. Pate, President, Barbara and Barry Pilson, M. D, and Freda and Alfred Liggans, Jr.,

and others persons identified in the first allegation hereof, residing in, or doing business in the

Eastover Subdivision, as herein defined, (hereinafter "Eastover Plaintiffs") who suffered

damages due to failure of the flood protection system for the New Orleans East polder, to file

this complaint for Declaratory Judgment and Damages, to allege that:

350

Fee _____
Process ____
X Dktd _____
CtRmDep ___
Doc. No. ____

1.

Plaintiffs are persons of the full age of majority domiciled and residing in the State of

Louisiana filing for relief Federal Rule of Civil Procedure 20, to-wit:

| | |
|---|---|
| Yvonne and Vernon Abadie | 171 Oakmont Dr, New Orleans 70128 |
| Yvonne and Vernon Abadie | 4338-6 Lonely Oak Dr, New Orleans 70126 |
| Yvonne and Vernon Abadie | 5902-4 Lafaye St, New Orleans 70122 |
| Hazaniel Anderson | 6040 S Murfield Cir, New Orleans 70128 |
| Joni Brown Archie | 6121 Eastover Dr, New Orleans 70128 |
| Cherlyn C. Armstrong-Prejean | 6250 Eastover Dr, New Orleans 70128 |
| Terrence M. Augillard, M.D. | 110 Oakmont Dr, New Orleans 70128 |
| Carla M. Brinston | 121 Oakmont Dr, New Orleans 70128 |
| Tanya A. Brinston | 121 Oakmont Dr, New Orleans 70128 |
| Jacquelyn K. and James M. Brown, III | 5960 Eastover Dr, New Orleans 70128 |
| Sheila B. Burns | 6350 Eastover Dr, New Orleans 70128 |
| Dr. Daryl Byrd | 6050 Eastover Dr, New Orleans 70128 |
| Donald J. Chester | 5710 Eastover Dr, New Orleans 70128 |
| David L. Coleman, II | 190 E Greenbrier Dr, New Orleans 70128 |
| Donna S. and Sherman N. Copelin, Jr. | 5890 Eastover Dr, New Orleans 70128 |
| Sarah C. and Wendell Cousin | 5900 Doral Ct, New Orleans 70128 |
| Elwood T. Davis | 5691 Eastover Dr, New Orleans 70128 |
| Glenda and Eric A. Dubuclet | 6010 Eastover Dr, New Orleans 70128 |
| Catherine and Durward B. Dunn, III | 181 Torrey Pines Dr, New Orleans 70128 |
| Karen E. and David A. Durand, Sr. | 120 E Greenbrier Dr, New Orleans 70128 |
| Leila J. and Louis L Eames | 7621 Fieldston Rd, New Orleans 70128 |
| Mardele S. Early | 160 E Greenbrier Dr, New Orleans 70128 |
| Eastover Realty, Inc., Donald E Pate, Pres. | 5690 Eastover Dr, New Orleans 70128 |
| Elizabeth B. and James S. Ellis, Jr. | 5950 Doral Ct, New Orleans 70128 |
| Lisa and Rodney L. Frazier | 6120 Eastover Dr, New Orleans 70128 |
| Eileen and Kenneth Frick | 151 E Greenbrier Dr, New Orleans 70128 |
| Ruby and Carl Gethers | 6151 Eastover Dr, New Orleans 70128 |
| Jacqueline M. Goldberg | 6381 Eastover Dr, New Orleans 70128 |
| Jacqueline M. Goldberg | 10555 Lake Forest Blvd, New Orleans 70127 |
| Golf Club of New Orleans, LLC, | 5690 Eastover Dr, New Orleans 70128 |
|     Donald E Pate, Pres. | |
| Annvernete and David Graham | 6311 Eastover Dr, New Orleans 70128 |
| Terrie and Kurt Guerin | 101 Eastview Dr, New Orleans 70128 |
| Diana Hayes | 120 Pinehurst Ct, New Orleans 70128 |
| Andrea and Harold W. Jackson | 141 Pinehurst, New Orleans 70128 |
| Denise Johnson | 181 W Greenbrier Pl, New Orleans 70128 |
| Glenda Johnson | 6281 Eastover Dr, New Orleans 70128 |
| Renee Johnson | 181 W Greenbrier Pl, New Orleans 70128 |
| Rochelle Johnson | 181 W Greenbrier Pl, New Orleans 70128 |

| | |
|---|---|
| Denise and Ronald Johnson | 181 W Greenbrier Pl, New Orleans 70128 |
| Deidra and David Jones, Sr. | 180 W Greenbrier Pl, New Orleans 70128 |
| Jasmine Jones | 141 E Greenbrier Dr, New Orleans 70128 |
| Monica R. Jones | 141 E Greenbrier Dr, New Orleans 70128 |
| Rayon Jones | 141 E Greenbrier Dr, New Orleans 70128 |
| Lori and Brian Knight | 141 Turnberry Dr, New Orleans 70128 |
| Kelly and Pierre LaBeaud | 141 Torrey Pines Dr, New Orleans 70128 |
| Freda and Alfred Liggans, Jr. | 131 E Greenbrier Dr, New Orleans 70128 |
| Tommy and Susan R. McCleskey | 6040 Eastover Dr, New Orleans 70128 |
| Gilda and Herbert Morgan, Jr. | 5951 Eastover Dr, New Orleans 70128 |
| Lisa and Kendall P. Parker | 5790 Eastover Dr, New Orleans 70128 |
| Barbara Pilson | 21 Cypress Pt Ct, New Orleans 70128 |
| Barbara and Barry Pilson, M.D. | 21 Cypress Pt Ct, New Orleans 70128 |
| Pinnacle Automotive Real Estate, Inc | 13150 I-10 Service Rd, New Orleans 70128 |
| Steven L. Prejean | 6250 Eastover Dr, New Orleans 70128 |
| Premier Automotive, LLC, | 13150 I-10 Service Rd, New Orleans 70128 |
|     dba Toyota of New Orleans | |
| Premier Imports, LLC, dba Premier Mitsubishi | 13150 I-10 Service Rd, New Orleans 70128 |
| Premier Quality Imports, LLC, | 11801 E I-10 Service Rd, New Orleans 70128 |
|     dba Premier Honda | |
| Chad D. Richard | 140 Quail Run Ct, New Orleans 70128 |
| Gavin M. Richard | 140 Quail Run Ct, New Orleans 70128 |
| Leon D. Richard | 140 Quail Run Ct, New Orleans 70128 |
| Veva D. and Leon D. Richard | 9883 Chef Hwy (pharmacy), NO 70128 |
| Veva D. Richard | 140 Quail Run Ct, New Orleans 70128 |
| Lottie and Joseph Rogers, Jr. | 120 Turnberry Dr, New Orleans 70128 |
| Beverly and Maitland Sanders | 190 W Greenbrier Pl, New Orleans 70128 |
| Patricia McGee and Harold Shelby | 6131 Eastover Dr, New Orleans 70128 |
| Kelly D. and Clinton T. Smith, Jr. | 211 Oakmont Dr, New Orleans 70128 |
| Shelita and Leroy St. Martin | 160 W Greenbrier Pl, New Orleans 70128 |
| Sharlene and Kevin Sterling | 111 Turnberry Dr, New Orleans 70128 |
| Sharlene Sterling | 111 Turnberry Dr, New Orleans 70128 |
| Diana and Ernest L. Terry | 6300 Eastover Dr, New Orleans 70128 |
| Courtney and Roderick O. Thornton | 130 Eastview Dr, New Orleans 70128 |
| Kathy A. and Ned Tolliver | 6391 Eastover Dr, New Orleans 70128 |
| Mary Tophia | 4741 Eastview Dr, New Orleans 70126 |
| Louise H. and Robert Turner, Jr. | 5721 Eastover Dr, New Orleans 70128 |
| Annetta T. Walker | 6370 Eastover Dr, New Orleans 70128 |
| Edna M. and Timothy M. Waller | 121 Pinehurst Ct, New Orleans 70128 |
| Robert L. White | 5980 Eastover Dr, New Orleans 70128 |
| Candace Wilson | 5740 Eastover Dr, New Orleans 70128 |
| Loyce P. Wright | 131 Pinehurst Ct, New Orleans 70128 |

2.

Made defendant herein is the Board of Commissioner of the Orleans Levee District, a political Subdivision of the State of Louisiana created by La. R.S. 38:307 et seq. for the purposes of exercising full and exclusive right, jurisdiction, power, and authority to locate, relocate, construct, maintain, extend, and improve levees, embankments, seawalls, jetties, breakwaters, water-basins, and other works within its district;

3.

Made defendant herein is the Board of Commissioners of the Port of New Orleans, a political Subdivision of the State of Louisiana created by La. R.S. 34:1 et seq.  for the purposes of regulating commerce and traffic of the Port and Harbor of New Orleans;

4.

Made defendant is the Louisiana Department of Transportation and Development a body corporate created by La. R.S. 36:501; and, is charged by law, under La. R.S. 36:501B to develop and implement programs in all areas of transportation, including waterways, hurricane flood protection and under La. R.S. 36:507C to perform the public works functions of the state, related to flood and drainage control;

**Claims against the United States Army Corps of Engineers**

5.

On August 29, 2005,  Plaintiffs resided in, owned property, leading quite and peaceful lives, and were raising their families in Eastover Community; .

6.

Plaintiffs claims derive from the destruction and damage wrought by failure of the flood protection system in place for the protection of the New Orleans East polder, north of the

junction of the Mississippi River Gulf Outlet at the Intracoastal Waterway (IWW) and along to IWW from the Michoud Canal to the Inner Harbor Navigation Canal, and along the Inner Harbor Navigational Canal to the Lake, and from the Lake to Little Farms;

7.

Plaintiffs' claims derive particularly from the design, construction, operation and maintenance of the Mississippi River Gulf Outlet, a waterway of commerce;

8.

Plaintiffs' claims derive particularly from the design, construction, operation and maintenance of the Intracoastal Waterway, a waterway of commerce;

9.

Plaintiffs' claims derive particularly from the design, construction, operation and maintenance of the Inner Harbor Navigational Canal, a waterway of commerce;

10.

Plaintiffs' claims derive particularly from the design, construction, operation and maintenance of the Michoud Canal, a waterway constructed for the use of the United States Aeronautic and Space Administration;

**Abandonment of Barrier Plan**

11.

The plight of the Levee District and Port, and indeed your plaintiffs, was worsened when the Corps of Engineers published the Lake Pontchartrain, Louisiana, and Vicinity Hurricane Protection Project Reevaluation Study, dated July, 1984, approved February 7, 1985, which unilaterally abandoned the Barrier Plan which had been approved by the Levee District and was subject to the March 30, 1976, Agreement in favor of the High Level Plan.

5

12.

Plaintiffs' damages are not due to the forces of nature but rather, the artificial acts of man;

13.

The plaintiffs property was lost and or damaged as a result of inundation due to flood water which overcame the flood control system designed and constructed by the United States Army Corps of Engineers, by the pursuant to and in furtherance of various Acts of Congress, predicated on local cooperation from the defendants Levee District and Port, as hereinafter described;

14.

The plaintiffs property was lost and or damaged as a result of inundation due to flood water which overcame the flood control system so designed and constructed, put there to protect Plaintiffs' person and property from risk of loss and damage due to flooding heightened and exacerbated the construction and operation of waterways of commerce, industry, space and science;

15.

Plaintiffs were uprooted form there homes and belongings, dispersed throughout the nation, left without adequate medical care, and sustenance, their lives, jobs and businesses were destroyed, and their families were left in disarray, without adequate means or income, their children were deprived of an education;

16.

The failure was caused in material part due the failure to update the design criterion to accommodate the NOAA 1972 update of standard project hurricane and the 1979 National Weather Service final report establishing new criteria;

17.

The failure was caused in material part due to defective structure combining embedded sheet pile, some without concrete caps, flood walls and earthen levees and the weakness in transition and uneven height;

18.

Plaintiffs' claims derive from the absence of adequate supervision and interface including enforcement of duties, with contractors engaged to effects works on , and materials used, and other organizations having jurisdiction over portions of the Flood Control System;

19.

Plaintiffs claims derive from "flood control improvements", in the Parish of Orleans, "substantially as contemplated by the Federal Flood Control Act of 15 May, 1928" item "Lower Mississippi River" under Public Law 516 of the 81st Congress as amended;

20.

Plaintiffs' claims derive from the plans for construction of work of improvements as provided in Act of Congress approved March 26, 1956, P. L. 455-84th 2d. Sess. The Construction of the Mississippi River Gulf Outlet;

21.

The flood control system and improvements are the property of the United States;

22.

The United States Army Corps of Engineers undertook to render services which it recognized as necessary for the protection of the persons or property of Plaintiffs, who relied on the Corps to do so, its failure to exercise due care increased the risk, and the loss was suffered because of the reliance;

23.

Each of Lake Bullard, Lake Barrington, Lake Forest and Fairway Estates Plaintiffs have filed claims for Loss and Damage to Property with the United Stated Army Corps of Engineers under Federal Tort Claim Form 95, provided filed a for this purpose;

24.

Under the Federal Tort Claims Act plaintiffs are precluded from bringing suit for six months, unless the United States denies the claim;

25.

Plaintiffs' claims against the Corps total greater than $110,413,000;

26.

The United States has not denied any of the plaintiffs claim;

**Maintenance Obligations**

27.

The Orleans Levee District is charged by law with the responsibility of maintaining the Levees within its District;

28.

The Department of Transportation is charged by law with performing the public works functions of the state related to flood protection.

29.

Under September 19, 1950 Act of Assurance "to comply with all the requirements of federal cooperation" the Orleans Levee District assured . . . the Secretary of the Army that it will: (a) maintain all flood control structure . . . ";

30.

Under the April 15, 1957, Act of Assurance the Port agreed to provide and maintain "bridges required over the waterway . . . and the maintenance thereof";.

31.

Under the October 1, 1969, Act of Assurance the Orleans Levee District assured . . . the Secretary of the Army that it will: (c) maintain and operate, in a manner satisfactory to the Chief of Engineers, all the repair or restoration work after completion;"

32.

Under the October 1, 1969, Act of Assurance "the Orleans Levee District "maintenance and operation obligation was extended to all levees under the control of the Orleans Levee District"

33.

Under the July 28, 1966 and September 16, 1971 Act of Assurances the Orleans Levee District assured . . . the Secretary of the Army that it will: (g) Maintain and operate all features of the project in accordance with regulations prescribed by the Secretary of the Army, including levees, flood gates and approach channels, drainage structures, drainage ditches or canals, flood walls sea walls and stoplog structures . . . ."

34.

In the Interim Agreement of February 20, 1985 and the Supplemental Agreement of June 21, 1985, the Orleans Levee District repeated the assurance that it will "(g) Maintain and operate all features of the project in accordance with regulations prescribed by the Secretary of the Army, including levees, flood gates and approach channels, drainage structures, drainage ditches or canals, flood walls sea walls and stoplog structures [the remainder of this item is deleted];"

**Act of Assurance – Port of New Orleans**

35.

The defendant Port is sued under the Act of Assurance given under dates of April 15, 1957, pursuant to and in furtherance of Public Law 455 or the 84th Congress approved March 29, 1956, to construct the Mississippi River Gulf Outlet from a point south of the Intracoastal Waterway;

**Waterway at Michoud to the Industrial Canal**

36.

Under the April 15, 1957 Act of Assurance the Port "has assured and does assure . . . . . that it will participate . . . to the extent that it will hold and save the United States free from all claims for damages due to the construction, maintenance and operation of the project";

37.

The defendant Port is sued under the Act of Assurance given under dates of February 3rd 1969, pursuant to and to comply with "all required conditions of local cooperation fort the Mississippi River Gulf Outlet Michoud, La. – Project Orleans Parish";

38.

Under the February 3rd 1969 Act of Assurance the Port agreed to "hold and save the United States free from damages due to the construction and subsequent maintenance of the project";

39.

The defendant Port is sued under the Act of Assurance given under date January 10, 1974, pursuant to and in furtherance of Public Law 483 of the 90th Congress which authorized "inter alia, the Mississippi River Gulf Outlet Michoud Canal Project" wherein "the Port agreed to fulfill the non federal cooperation";

40.

Under the January 10, 1974 Act of Assurance the Port agreed to "hold and save the United States free from damages" due to the project;

**Act of Assurance – Orleans Parish Levee District**

41.

The defendant Levee District is sued under the Act of Assurance given under date of September 19, 1950, "to comply with all requirements of federal cooperation", and pursuant the to and furtherance of Public Law 516 of the 81st Congress under item "Lower Mississippi River" that authorized" that "flood control improvements, substantially as contemplated by the Federal Flood Control Act of 15 May 1928, as amended, to be extended to include such improvements in the Parish of Orleans";

42.

Under the September 19, 1950, Act of Assurance, the Port "assured and does hereby

assure the Secretary of the Army . . . . That it will . . . . participate . . .in the project to the extent

that it will . . . (d) hold and save the United States free from all damage claims resulting from the

construction of the project" , to-wit: the Lower Mississippi River Flood Control Improvements.

43.

The defendant Levee District is sued under the Act of Assurance given under date of 28

July 1966, "to comply with all requirements of federal cooperation for the Lake Pontchartrain

and Vicinity, Louisiana Project, and pursuant to and furtherance of Public Law 516 of the 81st

Congress under item "Lower Mississippi River" that authorized" that "flood control

improvements, substantially as contemplated by the Federal Flood Control Act of 15 May 1928,

as amended, to be extended to include such improvements in the Parish of Orleans";

44.

Under the July 28th, 1966, Act of Assurance the Port "has assured and does hereby assure

the Secretary of the Army . . . . that it will . . . . participate . . . in the project to the extent that it

will . . . (b) Hold and save the United States free from damage due to the construction works";

45.

The defendant Levee District is sued under the Supplemental Act of Assurance given

under date of 1st October, 1969, "to comply with all requirements of federal cooperation for

emergency repairs TO ALL EXISTING LEVEES under the jurisdiction of the Orleans Levee

District";

46.

Under the October 1, 1969, Supplemental Act of Assurance the Port "has assured and does hereby assure the Secretary of the Army . . . . that it will . . . . participate . . . in the project to the extent that it will . . . (b) Hold and save the United States free from damage due to the authorized work";

47.

The defendant Levee District is sued under the Agreement between the United States of America and the Board Of Commissioners of the Orleans Levee District for the Lake Pontchartrain and Vicinity,  Louisiana Project, under date of March 30, 1976;

48.

Under the March 30, 1976, Agreement, the Levee District agreed to hold and save the United States free from damage due to the construction works, i. e., the Lake Pontchartain and Vicinity Louisiana Project.

49.

The defendant Levee District is sued under the Agreement between the United States of America and the Board Of Commissioners of the Orleans Levee District for the Lake Pontchartrain and Vicinity,  Louisiana Project, exchanged under date of February 20, 1985;

50.

Under the February 20, 1985, Agreement the defendant Orleans Levee District "agree(d)" . to " (c) Hold and save the United States free from damage due to the construction works";

51.

The Agreement between the United States of America and the Board of Commissioners of the Orleans Levee District for the Lake Pontchartrain and Vicinity, Louisiana Project, under date of June 21, 1985;

52.

Under the June 21st, 1985, Agreement the defendant Orleans Levee District "agree(d) that it will, without cost to the United States , . . . "(c) Hold and save the United States free from damage due to the construction works";

**Claims against the Port**

53.

Plaintiffs avail themselves of the right of direct action against the Port under the Act of Assurance under R.S. 22:655;

54.

Plaintiffs are the third party beneficiaries of the covenant given by the Port in favor of the United Sates Secretary of the Army and are entitled to, and hereby, avail themselves of the benefits under the doctrine "stipulation pour autri" and Civil Code Article 1978;

**Claims against the Orleans Levee District**

55.

The Port is liable for damages due to its failure to maintain the highway bridges and approaches as agreed under the March, 1957 Act of Assurance.

56.

Plaintiffs avail themselves of the right of direct action against the Levee District under the Act of Assurance under R.S. 22:655;

57.

Plaintiffs are the third party beneficiaries of the covenant given by the Levee District in favor of the United Sates Secretary of the Army and are entitled to, and hereby, avail themselves of the benefits under the doctrine "stipulation pour autri" and Civil Code Article 1978;

58.

The Levee District is liable under Civil Code Article 2322 for the deterioration of the levees and levee improvements and structures known to it before the events causing loss and damage and the failure to repair same.

59.

The Levee District is liable for the failure to maintain the levees as required by state law and by its various Acts of Assurances and Agreements with the United States Corps of Engineer;

60.

The Levee District's performance of its duties and responsibilities was so inadequate and ineffective that it fell to the Corps to undertake same;

**Claims against the Department of Transportation**

61.

The Department of Transportation failed to perform its duties and responsibilities in connection with hurricane flood protection;

**Jurisdiction**

62.

Plaintiffs claims arise under the laws of the United States, this court has original jurisdiction under 28 U.S.C. 1331.

63.

Federal question jurisdiction is also implicated where as here the complaint requires construction of federal law or a distinctive federal policy of a federal statute requires federal legal principles for its "disposition";

64.

This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. 1367, in that they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**Venue**

65.

Venue of this action lies in this judicial district under 28 U.S.C. 1391(b), a substantial part of the events or omissions giving rise to the claims having occurred in this district and or a substantial part of property that is the subject of the action being situated here, and all defendants reside in the Louisiana and are found here.

66.

Venue is also appropriate under the Rules of Decision Act 1 Stat. 92, under La. R.S. 22:655;

**Inferences of liability**

67.

The Secretary of the Army Corps of Engineers has made numerous admissions of interest from which the trier of fact may infer that was is responsible for the damages suffered by Plaintiffs;

68.

The Defendants are held to the admissions by virtue of privity with the Corps under the Acts of Assurances and Agreements with the Corps;

69.

Given the volume of circumstantial evidence supporting a finding of negligence, the defendants superior knowledge of facts respecting same and the lack of knowledge of Plaintiffs, the belief that in these circumstances an erroneous finding of no liability would be more harmful than a liability, the trier of fact is entitled to infer negligence and impose upon the defendants, the burden of proving the absence of negligence;

70.

Plaintiffs plead *res ipsa loqutur*, given that the loss would not have occurred in the absence of negligence;.

**Solidary Liability**

71.

The Liability of the Port and the Levee District is conventional, coextensive and coterminous, and as such the two are solidary obligors liable to Plaintiffs as solidary obligees pursuant to the Assurance Agreement under Civil Code Articles 1790 and 1794;

**Comparative Negligence**

72.

The degree of percentage of fault of the defendants causing or contributing to the loss shall be determined under the Rules of Comparative Fault provided in Civil Code Article 2323;

**Declaratory Judgment**

73.

Plaintiffs avail themselves of the right under 28 U.S.C. 2201(a), 28 U.S.C. 2202 and F.R.C.P 57, and invoke the judicial power of this Court to a summary declaration of their rights as third party beneficiaries of the Acts of Assurances given by the defendants to the United States Secretary of the Army and other Agreements, and define other legal relations, with the force and effect of a final judgment or decree.

74.

Plaintiffs seek declaratory judgment that

(a) Plaintiffs' "claims for damages" resulted from "the construction of the (Mississippi River Gulf) project" within the meaning of the April 15, 1957 Act of Assurance;

(b) Plaintiffs "damages" were "due to the construction and subsequent maintenance of the project" within the meaning of the February 3rd 1969 and the January 10, 1974 Acts of Assurances;

(c) Plaintiffs "claims for damages" resulting from "the construction of the project" within the meaning of the September 19, 1950 Act of Assurance;

(d) Plaintiffs "damages" was "due to the authorized work" within the meaning of the July 28th, 1966 Act of Assurance and "damage due to the construction works" under the February 28, 1985 and June 21st, 1985, Agreements;

(e) The Corps of Engineers is liable to Plaintiffs under the Restatement (Second) Torts § 324A, as interpreted in *Bujol v. Entergy Services, Inc. et al.,* 03-0492, 502 (La.5/25/04), 922 So.2d 1113; *rehearing granted* 10/29/04.

(f) Neither the Defendant Port nor the Defendant Levee Board are immune form suit under the Louisiana Constitution Article 12, § 10(A).

(g) The immunity of the United States under Section 702(c) of the Flood Control Act is personal to it, neither the Defendant Port nor the Defendant Levee Board have standing under the Act to assert the defense, and the immunity does not inure to either of them;

(h) In any event the immunity does not apply to damages due to flooding from the Intracoastal Waterway, the Mississippi River Gulf Outlet, the Michoud Canal or the Inner Harbor

**Notice**

75.

Contemporaneous with the filing of this Complaint, plaintiffs gave notice to defendants, Levee District and Port of their intention to accept the benefits of the Acts of Assurances and Agreements given pursuant to the various Public Laws in furtherance of the representation of local cooperation required by Federal Law.

**Jury Trial**

76.

Plaintiffs avail themselves of their right under the Seventh Amendment to the United States Constitution, and request trial by jury;

**WHEREFORE,** Plaintiffs pray that the defendants be duly cited to appear and answer this complaint and after due proceeding had there be judgment in Plaintiffs' favor and against defendants holding that Plaintiffs' "claims for damages" resulted from "the construction of the (Mississippi River Gulf) project" within the meaning of the April 15, 1957 Act of Assurance;

that those "damages" were "due to the construction and subsequent maintenance of the project" within the meaning of the September 19, 1950 February 3rd 1969 and the January 10, 1974 Acts of Assurance; due to " the authorized work" within the meaning of the July 28th , 1966 Act of Assurance and "damage due to the construction works" under the February 28, 1985 and June 21st, 1985, Agreements;

That the Corps of Engineers is liable to Plaintiffs under the Restatement (Second) Torts § 324A; that neither the Defendant Port nor the Defendant Levee Board nor the Department of Transportation are immune from suit under the Louisiana Constitution Article 12, § 10(A); that the immunity of the United States under Section 702(c) of the Flood Control Act is personal to it, neither the Defendant Port nor the Defendant Levee Board nor the Department of Transportation have standing under the Act to assert the defense, and the immunity does not inure to either of them and, that, in any event, the immunity does not apply to damages due to flooding from the Intracoastal Waterway, the Mississippi River Gulf Outlet, the Michoud Canal or the Inner-Harbor Navigational Canal; and holding the Defendant Port and Levee District solitarily under the Acts of Assurances and Agreements; and holding the defendant Levee District and Department of Transportation liable for the damages proximately caused by their own negligence; and affixing the amount of damages;.

Respectfully submitted,

OF COUNSEL:

MILLING BENSON WOODWARD LLP

William C. Gambel (LA Bar No. 5900)
909 Poydras Street, Suite 2300
New Orleans, LA  70112-1010
Telephone:  (504) 569-7000
Telecopy:  (504) 569-7001
wgambel@millinglaw.com

John J. Cummings, III (LA. Bar No. 4652)
Cummings, Cummings & Dudenhefer

416 Gravier Street
New Orleans, LA  70130
Telephone:  (504) 586-0000
Telecopy:  (504) 586-8423
ccdlawfirm@aol.com

W351713

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VERA D. AND LEON D. RICHARD, | * | |
| GOLF CLUB OF NEW ORLEANS, LLC, | | |
| DONALD E. PATE, PRESIDENT, | * | CIVIL ACTION |
| BARBARA AND BARRY PILSON, M. D. | | |
| AND FREDA AND ALFRED LIGGANS, | * | |
| JR. | | |
| | * | |
| Plaintiffs | | |
| | | |
| Versus | * | SECTION |
| | | |
| THE PORT OF NEW ORLEANS, | * | |
| THE ORLEANS LEVEE DISTRICT, | * | MAGISTRATE |
| AND THE LOUISIANA DEPARTMENT | | |
| OF TRANSPORTATION AND | | |
| DEVELOPMENT, | | |
| | | |
| Defendants. | | |

**CERTIFICATE UNDER LOCAL RULE 3**
**NOTICE OF PENDENCY OF COLLATERAL PROCEEDING**

There is pending before this Court, Section K, (Judge Stanwood R. Duval),

proceeding entitled *Berthelot et al v. Boh Brothers Construction Co., LLC et al*, Civil

Action No. 2:05-cv-04182-SRD-JCW, which raises the issue of liability for damages due

to flooding associated with Hurricane Katrina on August 29-30, 2005.

Respectfully submitted,

OF COUNSEL:

MILLING BENSON WOODWARD LLP

William C. Gambel (LA Bar No. 5900)
909 Poydras Street, Suite 2300
New Orleans, LA 70112-1010
Telephone: (504) 569-7000
Telecopy: (504) 569-7001
wgambel@millinglaw.com

John J. Cummings, III (LA. Bar No. 4652)
Cummings, Cummings & Dudenhefer

416 Gravier Street
New Orleans, LA  70130
Telephone:  (504) 586-0000
Telecopy:  (504) 586-8423
ccdlawfirm@aol.com

W351849